Parker C. J.
delivered the opinion of the Court. In regard to the first question, we think a sufficient seisin is shown to entitle the plaintiffs to maintain this process. It is only when actually ousted, or when there is an avowed adverse possession, that one claiming to be tenant in common is driven to an entry or an action for possession, before he can have partition. In this case the respondent did not hold possession adversely to the title of the petitioners. He first occupied under the tenant in dower, and after her death held over, without manifesting an intention to abate the heirs of the former owner. His possession is to be construed to be according to his rights, he having purchased of some of the heirs ; and his possession is for the benefit of the cotenants, he not having signified an intention to oust the heirs.[1]
And in regard to his claim under what is commonly called the betterment law, it cannot be sustained ; because it does not appear to have been the intent of the legislature to apply that remedy to any cases but those, in which the defendant in the suit had originally entered without title, and held possession six years before the commencement of the suit, adversely to the right owner.
Besides, it is impossible to execute the provisions of that act under this process. The judgment here is for partition only; and the execution of the judgment is the setting off the *390 property belonging to the petitioner. Whereas under the betterment law, there is an election for the demandant; and an execution for money, if he so elects.

Judgment for partition.

 See Miller v. Dennett, 6 N. Hamp. R. 109.